**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| STERLIN LOPEZ-CENTENO A/K/A STARLIN LOPEZ CENTENO A/K/A STARLIN PINEDA LOPEZ, | § § § § | CIVIL ACTION NUMBER 4:26-cv-03550 |
| Petitioner, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| WARDEN, JOE CORLEY PROCESSING CENTER, | § § § | |
| Respondent. | § | |

### ORDER

Petitioner Sterlin Lopez-Centeno a/k/a Starlin Lopez-Centeno a/k/a Starlin Pineda-Lopez filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 1, 2026. Dkt 1. He proceeds here *pro se*. He acknowledges illegal entry into the United States on a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment. Id at 6–7.

The Fifth Circuit has issued a controlling decision with respect to the lawfulness of detention in this context under 8 USC §1225(b)(2)(A). *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08.

Since that ruling, the undersigned has also determined that (i) procedural due process doesn't require an individualized custody determination beyond the mandate

of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings doesn't violate substantive due process. See *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex) (post-removal-order detention and pre-removal detention less than six months); *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026) (pre-removal-order detention over six months).

Such rulings may foreclose all issues in the present petition. That said, mail sent to Petitioner at the Joe Corley Detention Center was returned as undeliverable, with a notation that officials were unable to identify him and he is "not in our system." Dkt 6 at 2. It therefore isn't clear whether Petitioner has been released, relocated to a different facility, or removed from the United States.

Under these circumstances, Petitioner is entitled to a show-cause order pursuant to 28 USC §2243.

Respondents are therefore ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Respondents must also provide information about Petitioner's current location. Such filing must be made by June 1, 2026, absent extension.

Further briefing will be ordered if determined necessary after consideration of Respondents' response.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to Respondents.

SO ORDERED.

Signed on May 22, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

2